Filed 1/18/24  P. v. Alexander CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C097596 |
| v. | (Super. Ct. No. 02F08949) |
| DARRYL KEITH ALEXANDER, | |
| Defendant and Appellant. | |

Defendant Darryl Keith Alexander appeals the trial court's denial of his petition for resentencing under Penal Code former section 1170.95, now 1172.6.[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436, and asked that we exercise our discretion to review the record for arguable issues on appeal.

---

[1]  Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

This court notified defendant he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Defendant filed a supplemental brief arguing the evidence is insufficient to establish that he had the specific intent to attempt to murder the victim. Finding no merit in the contention, we will affirm the trial court's order.

BACKGROUND

In October 2022, four members of the Sureño gang were hanging out in a car parked behind a strip mall. As the victim and another individual entered a store and returned to the car, they saw two other individuals standing by the store entrance. After a few minutes, the two men who had been at the store entrance drove past the Sureño members, turned around, stopped behind them, asked "How's that Norte life?" and fired six shots at the Sureño car. The bullets broke car windows and two bullets were later found lodged in the passenger side back panel of the vehicle. The victim, who was sitting in the rear seat on the passenger side of the car, was hit in the head by a bullet, but he survived.

One of the Sureño members told police that the driver of the other vehicle and the shooter were members of the Norteño gang. A police officer searched the driver's bedroom and found six spent bullet casings inside a plastic baggie. Defendant's fingerprints were found on the baggie.

The driver's older brother testified that the driver and defendant were friends, and defendant had lived with his family for several years. The day of the shooting, defendant and the driver were at the family home. Defendant told the brother he shot someone. Defendant said he was the only shooter.

A jury found defendant guilty of attempted murder (§§ 187/664) and shooting at an occupied vehicle (§ 246). As to both counts, the jury also found true a personal gun use enhancement (§ 12022.53, subd. (d)) and a gang enhancement (§ 186.22, subd. (b)(1)). In July 2004, the trial court sentenced defendant to 40 years to life in

2

prison. This court affirmed the judgment. (*People v. Alexander* (Feb. 28, 2006, C047362) [nonpub. opn.].)

In March 2022, defendant filed a petition for resentencing. Counsel was appointed, and the prosecution filed a brief arguing defendant was ineligible for relief because the jury could not have found defendant guilty of attempted murder under a theory of natural and probable consequences. The prosecution included a copy of this court's prior opinion, the jury instructions given, and the jury verdict. Defendant responded that the jury instructions, which included CALJIC No. 3.02,[2] permitted the jury to find defendant guilty based on the natural and probable consequences theory. Defendant also argued the jury's true finding on the personal use of a firearm enhancement did not render defendant ineligible for relief as a matter of law, because the finding did not establish that defendant acted with malice when he used the firearm.

In July 2022, the trial court issued an order to show cause, finding it was possible the jury found defendant guilty of attempted murder based on the natural and probable

---

[2] The jury was instructed with CALJIC No. 3.02 as follows: "One who aids and abets another in the commission of a crime or crimes is not only guilty of that crime or crimes, but is also guilty of any other crime committed by a principal which is a natural and probable consequence of the crimes originally aided and abetted. [¶] In order to find the defendant guilty of the crimes of attempted murder under the natural and probable consequences theory, as charged in Count One, you must be satisfied beyond a reasonable doubt that: [¶] 1. The crime of shooting at an occupied vehicle was committed; [¶] 2. That the defendant aided and abetted that crime; [¶] 3. That a co-principal in that crime committed the crime of attempted murder; and [¶] 4. The crime of attempted murder was a natural and probable consequence of the commission of the crime of shooting at an occupied vehicle. [¶] In determining whether a consequence is 'natural and probable,' you must apply an objective test, based not on what the defendant actually intended, but on what a person of reasonable and ordinary prudence would have expected likely to occur. The issue is to be decided in light of all of the circumstances surrounding the incident. A 'natural' consequence is one which is within the normal range of outcomes that may be reasonably expected to occur if nothing unusual has intervened. 'Probable' means likely to happen."

3

consequences doctrine. The prosecution filed a brief arguing the evidence showed defendant was the actual shooter or that he aided and abetted the shooter. The prosecution recited facts based on the reporter's transcript from the trial. Defendant countered that the evidence was unclear as to whether defendant or the driver was the shooter, and it did not establish that defendant had the requisite intent to kill or that he directly aided and abetted the shooter.

During the December 2022 hearing, both parties submitted the matter on the reporter's transcript of the trial. The trial court found that defendant shot at the victim and intended to kill him, and that it was true beyond a reasonable doubt that defendant is guilty of attempted murder under current law. The trial court denied defendant's petition.

## DISCUSSION

In his supplemental brief, defendant argues the evidence is insufficient to establish that he had the specific intent to attempt to murder the victim.

The California Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court explained that when a defendant files a supplemental brief in such an appeal, we must evaluate the specific arguments presented in the brief, but we need not conduct an independent review of the entire record to identify unraised issues. (*Id*. at p. 232.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

4

Generally, a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) Although the natural and probable consequences theory is no longer an option under current law to convict an aider and abettor for murder or attempted murder, he or she can still be convicted as a direct aider and abettor. (§§ 188, 189.) An individual can also still be convicted of attempted murder if he or she has the specific intent to kill and commits a direct but ineffectual act toward its commission. (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.) "Specific intent ' "is rarely susceptible of direct proof and usually must be inferred from the facts and circumstances surrounding the offense." ' " (*People v. Thompkins* (2020) 50 Cal.App.5th 365, 403, disapproved on other grounds in *In re Lopez* (2023) 14 Cal.5th 562, 584.)

If a petitioner files a facially valid petition and the trial court issues an order to show cause, the trial court must hold an evidentiary hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence." (§ 1172.6, subd. (d)(1).) At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law." (*Id.*, subd. (d)(3).)

We review a trial court's findings following an evidentiary hearing on a section 1172.6 petition for substantial evidence. (*People v. Clements* (2022) 75 Cal.App.5th 276, 298, 301.) Under that standard, we recount the evidence " ' "in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value that would support a rational trier of fact in finding [the defendant guilty] beyond a reasonable doubt." ' " (*Id.* at p. 298.) " 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' " (*People v. Clark* (2011) 52 Cal.4th 856, 943.)

5

Here, substantial evidence supports the trial court's conclusion that defendant was the actual shooter and intended to kill the victim. After encountering the victim at the store, defendant and his companion stopped behind the victim and defendant fired his gun six times toward the car where the victim was sitting in the rear seat on the passenger side. A bullet struck the victim in the head and two more bullets were found lodged in the passenger side back panel of the vehicle. As the California Supreme Court has explained, "firing a lethal weapon at another human being at close range, without legal excuse, generally gives rise to an inference that the shooter acted with express malice. . . . [T]he very act of firing a weapon ' "in a manner that could have inflicted a mortal wound had the bullet been on target" ' is sufficient to support an inference of intent to kill." (*People v. Smith* (2005) 37 Cal.4th 733, 742.)

There is also substantial evidence that defendant was the lone shooter. The day of the shooting, defendant told the driver's brother he was the only shooter.

We find no merit in defendant's contention.

### DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

_____
/S/
MAURO, Acting P. J.

We concur:

_____
/S/
DUARTE, J.

_____
/S/
MESIWALA, J.

6